UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID DARR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-01544-NCC |
| ) | |
| DAVID VANDERGRIFF,[1] ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ

of Habeas Corpus by a Person in State Custody (Doc. 1).  Respondent has filed a response (Doc.

16) and Petitioner has filed a reply (Doc. 21).  The parties have consented to the jurisdiction of

the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 20).  After

reviewing the case, the Court has determined that Petitioner is not entitled to relief.  As a result,

the Court will **DENY** the Petition and **DISMISS** the case.

## I.  PROCEDURAL HISTORY

On September 21, 2012, Petitioner was found guilty by a jury in the Circuit Court of St.

Adair County, Missouri of statutory sodomy in the first degree (Count 1), child molestation in

the first degree (Count 2), statutory sodomy in the second degree (Counts 3, 4, 5), and statutory

sodomy in the first degree (Counts 6 and 7) (Doc. 16-1 at 5-6).  On November 9, 2012, the

---

[1] Petitioner is currently incarcerated at the Eastern Reception, Diagnostic and Correctional
Center in Bonne Terre, Missouri.  *See Missouri Dept' Corr. Offender Search*,
https://web.mo.gov/doc/offSearchWeb/offenderInfoAction.do (last visited August 5, 2021).
David Vandergriff is the Warden and the proper party respondent.  *See* 28 U.S.C. § 2254, Rule
2(a).

Circuit Court sentenced Petitioner to fifty-seven years of incarceration in the Missouri

Department of Corrections (*Id.* at 68-69).  Petitioner appealed the judgment, raising two claims:

> (1) The trial court clearly erred and abused its discretion in overruling Petitioner's motion for mistrial after the prosecution played a video containing inadmissible hearsay statements from Petitioner's son, Davey, referring to Petitioner as a "raper" and threatening to kill him; and

> (2) The trial court clearly erred and abused its discretion in overruling Petitioner's objection to the prosecution eliciting prejudicial information from the victim's mother about the victim's current behavior at school and at home.

(Doc. 17-1).  On April 29, 2014, the Missouri Court of Appeals for the Western District affirmed

Petitioner's conviction and sentence on direct appeal (Doc. 16-3; *State v. Darr,* 437 S.W.3d 777

(Mo. Ct. App. 2014)).  The Missouri Court of Appeals' Mandate issued on August 20, 2014.

Petitioner filed a *pro se* motion for post-conviction relief on November 14, 2014 raising

three grounds for relief:

> (1) Prosecutorial misconduct when Mr. Monte Platz, the prosecutor, went into the jury room and told them to vote guilty and give Petitioner the maximum sentence;

> (2) Prosecutorial misconduct by Mr. Platz and Mr. Carson getting victims to lie, specifically H.H.'s mother; and

> (3) Trial counsel was ineffective at trial by not challenging the State's evidence and not submitting evidence Petitioner was at work or taking care of his mother.

(Doc. 17-3 at 8-14).  On May 18, 2015, counsel filed on Petitioner's behalf an amended motion

for post-conviction relief raising two claims:

> (1) Petitioner's trial counsel was ineffective for failing to file a motion to suppress physical evidence on the grounds that the search warrant that led to recovery of the evidence was stale; and

> (2)  Petitioner's trial counsel failed to investigate and develop contradictory and impeaching evidence regarding H.H.

(*Id.* at 21-42).  After an evidentiary hearing, the motion court denied Petitioner's amended

motion (Doc. 17-3 at 52-56).  On September 5, 2017, the Missouri Court of Appeals for the

Western District affirmed the motion court's denial of the motion (Doc. 16-6; *Silver v. Darr*, 534

S.W.3d 247 (Mo. Ct. App. 2017)).  The Missouri Court of Appeals' Mandate issued on

December 20, 2017.

On September 13, 2018, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of

Habeas Corpus by a Person in State Custody raising the following four grounds:

> (1) The trial court erred by overruling trial counsel's oral motion for a mistrial after the prosecution erroneously played portions of a videotaped interview containing hearsay statements of Petitioner's son, Davey, referring to Petitioner and stating that he would kill Petitioner;
>
> (2) The trial court erred in overruling trial counsel's objection to the prosecution eliciting prejudicial information from the victim's mother about the victim's current behavior at school and at home;
>
> (3) Ineffective assistance of trial counsel for failing to object to prejudicial testimony and physical evidence.  Specifically, trial counsel was ineffective for failing to file a motion to suppress certain items of physical evidence that were seized from Petitioner's home; and
>
> (4) Petitioner is entitled to habeas corpus relief because of the "cumulative error" as indicated in Grounds 1-3.

(Doc. 1).

## II.  DISCUSSION

In the habeas setting, a federal court is bound by the Antiterrorism and Effective Death

Penalty Act of 1996, 28 U.S.C. § 2254, to exercise only "limited and deferential review" of

underlying state court decisions.  *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).  Under this

standard, a federal court may not grant relief to a state prisoner unless the state court's

adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the

United States," or "was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court decision

3

is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08.  Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

**A. Ground 1: Failure to Exclude Portions of S.O.'s Forensic Interview**

First, Petitioner asserts that the trial court erred by overruling trial counsel's oral motion for a mistrial after the prosecution erroneously played portions of a videotaped interview containing hearsay statements of Petitioner's son, Davey, referring to Petitioner as a "raper" and stating that he would kill Petitioner (Doc. 1 at 8, 50-73).  Petitioner argues that this evidence was highly prejudicial and likely had an influence on the jury's verdict such that Petitioner was unconstitutionally prejudiced in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution (*Id.*).  Specifically, Petitioner asserts that he was not afforded any procedural due process against the inflammatory comments in violation of Petitioner's Sixth Amendment right to confrontation (*Id.* at 51).

Petitioner was convicted of the sodomy and molestation of teenagers H.H., S.O., and J.O.  During the forensic interview of S.O. by Beth Jackman, played in its entirety during the trial of Petitioner, the follow exchange occurred:

4

S.O. stated that he went outside and told Darr's son, Davey, who was washing his car at the time that, Darr had rubbed his "thing."  When asked by the interviewer what Davey's response was, S.O. reported that Davey said, "he'll kill him or something."  S.O. stated that his brother, J.O., was also present when he informed Davey, and J.O. started talking about Darr doing the same to him.  The interviewer asked S.O. for more information regarding Davey stating he was going to "kill him."  S.O. then said that Davey said "the old man's crazy" and that Davey "called him a raper and stuff."  S.O. told the interviewer that Davey was angry and started washing his car again.

(Doc. 16-3 at 4-5).[2]

Prior to Petitioner's trial, Petitioner's trial counsel raised several objections to the un-edited video of the forensic interview of S.O. (Doc. 17, Trial Transcript (hereinafter "Tr.") at 221-24).  Specifically, trial counsel raised an oral motion in limine (Tr. 221).  The state argued:

[S.O.] had told Davey after it happened and Davey said – It was half – largely unintelligible but something to the effect, he'll kill you.  At that point [S.O.] never again tried to tell someone until the police came knocking in 2010 .... And then to Davey, the reasons – I do believe it's an exception to hearsay to show reasons why the boy – whether true or not – chose not to disclose based on fear.  He had the perception, whether true or not, he was going to be killed if he told someone.

(Tr. 222).[3]  The trial court asked whether the prosecution felt "comfortable enough that those kind of prejudicial statements are not in this particular video," or whether more time was needed to review the video for prejudicial hearsay statements (Tr. 223).  The trial court stated, "the concern I have, is that if it's in there, we've probably got a mistrial" (Id.).  The state assured the Judge that sections of the video did not need to be removed (Tr. 223-25).  The trial court sustained trial counsel's motion in limine as to this point, stating to the prosecution, "[i]f you're comfortable enough to go ahead and play it without reviewing it a second time, I'm okay with that" (Tr. 224-25).

---

[2] The Court was not provided with State's Exhibit 2, the taped interview of S.O. by Ms. Jackman.  These facts are taken directly from the Court of Appeals' Memorandum affirming Petitioner's conviction on direct appeal.  This Court presumes a state court's determination of a factual issue is correct.  *See* 28 U.S.C. § 2254(e).

[3] Davey's statement, however, does not indicate a threat against S.O. but rather that a threat by Davy against his father, Petitioner, as clearly indicated in the full exchange detailed above.

After the video was played during the trial, trial counsel objected to the statements as prejudicial hearsay and requested a mistrial (Tr. 243-44).  The state raised a number of legal theories in response including assertions that the identify of who Davey was labeling a "raper" may not have been clear, and that S.O. was mumbling so the jury may not have understand him (Tr. 244).  The trial court declined to grant a mistrial, indicating that he would be "shocked if the jury caught it" (Tr. 245).  Instead, the trial judge offered to provide a limiting instruction which trial counsel declined (*Id.*).

In his Motion for Judgment of Acquittal or in the Alternative Motion for New Trial, trial counsel argued that the trial court erred by overruling defendant's request that S.O.'s video be screened for irrelevant and prejudicial testimony (Doc. 16-1 at 66-67).  Counsel asserted that S.O.'s recollection of Davey's statements was hearsay, irrelevant, evidence of uncharged bad acts and was highly prejudicial to the defendant (*Id.* at 67).  Further, counsel argued, allowing this testimony violated defendant's right to a fair trial, due process and equal protection under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Missouri Constitution (*Id.*).  After oral argument prior to Petitioner's sentencing hearing, the trial court denied the Motion (*Id.* at 7).

On direct appeal, Petitioner argued that the trial court clearly erred and abused its discretion in overruling Petitioner's motion for mistrial after the prosecution played a video containing inadmissible hearsay statements from Petitioner's son referring to Petitioner as a "raper" and threatening to kill him (Doc. 16-2 at 4).  On April 29, 2014, the Missouri Court of Appeals for the Western District affirmed Petitioner's conviction and sentence on direct appeal (Doc. 16-6; *State v. Darr,* 437 S.W.3d 777 (Mo. Ct. App. 2014)).

Petitioner's Ground 1 is procedurally defaulted and may not give rise to federal habeas relief.  To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim.  *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003).  A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition.  *Id.* at 1021.  "The federal legal theory . . . must plainly appear on the face of the petitioner's state-court briefs."  *Jones v. Jerrison*, 20 F.3d 849, 854 (8th Cir. 1994).  Claims that have not been fairly presented to the state courts are procedurally defaulted.  *Wemark,* 322 F.3d at 1022 (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)).  Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default.  *Id.* "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The Court finds that Ground 1 is procedurally defaulted as the claim was not fairly presented to the state courts.  Here, Petitioner claims that the testimony's admission violated his Confrontation Clause rights (*See* Doc. 1 at 8. Doc. 21 at 7-8).  However, before the state courts, Petitioner raised a state-law hearsay claim, an alleged violation of Missouri evidentiary rules (*See* Doc. 17-1 at 22-27).  While Petitioner associated this hearsay argument with the Sixth Amendment of the Constitution, which includes a defendant's right to confrontation, among other Constitutional Amendments, the federal legal theory he pursues here does not appear on the face of any of the briefing before the state courts (*See* Doc. 16-1 at 67; Doc. 17-1 at 15-27).

Thus, even though the claims rely on the same underlying factual basis, Petitioner is not

proceeding on the same legal theory here as he did before the state courts and the claim is

procedurally defaulted.[4]  *Abdullah v. Groose*, 75 F.3d 408, 412 (8th Cir. 1996).  *C.f. Middleton v.*

*Roper*, 455 F.3d 838, 855 (8th Cir. 2006) (finding petitioner's Confrontation Clause claim not to

be procedurally defaulted when petitioner raised the federal claim on direct appeal to the

Missouri Supreme Court even though he did not raise it previously and the Missouri Supreme

Court addressed the claim under state evidentiary rules finding it to be properly admitted

hearsay).

    As cause for the alleged default, Petitioner argues that he had no role in how the issue

was technically argued to the trial court or how the issue was framed and written for the Missouri

Court of Appeals (Doc. 21 at 10).  Thus, Petitioner argues that any default should be excused

under *Martinez v. Ryan*, as post-conviction counsel did not raise the ineffective assistance of

appellate counsel before the motion court and appellate counsel was ineffective for not

appropriately raising this claim before the Missouri Court of Appeals.  *Martinez v. Ryan,* 566

U.S. 1 (2012).  Petitioner argues that post-conviction counsel did not raise a claim against

appellate counsel because Kevin Schriener represented Petitioner for both his appellate case and

his post-conviction relief case and "was never going to claim [ineffective assistance of counsel]

against himself" (Doc. 21 at 11).  In support of this assertion, Petitioner cites to *Cuesta-*

*Rodriguez v. Carpenter* from the Tenth Circuit Court of Appeals for the proposition that when

"trial and appellate counsel are too closely intertwined," a conflict of interest exists which cannot

be adequately asserted in "Oklahoma's system for raising ineffective-assistance-of counsel

---

[4] Indeed, if Petitioner raised his evidentiary theory before this Court, the Court would find it non-cognizable.  *Johnston v. Luebbers*, 288 F.3d 1048, 1056 (8th Cir. 2002) ("[I]n habeas corpus proceedings, it is not within [the federal courts'] province to 'reexamine state-court determinations on state-law questions.'") (quoting *Estelle v. McQuire*, 502 U.S. 62, 67-68 (1991)).

claims on direct appeal." *Rodriguez v. Carpenter,* 916 F.3d 885, 900 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 844, 205 L. Ed. 2d 472 (2020).  Petitioner therefore argues, by logical extension, this Court should find that the state post-conviction procedure in Missouri is inadequate to host a claim of ineffective assistance of appellate counsel in instances where appellate and post-conviction counsel are similarly intertwined or the same, as is the case here (Doc. 21 at 12).

The Eighth Circuit Court of Appeals, as Petitioner correctly notes, appears to acknowledge that structural error of this kind may be cause to excuse procedural default.  *See Thomas v. Payne,* 960 F.3d 465, 477 (8th Cir. 2020); *Hunt v. Houston*, 563 F.3d 695, 705 n.2 (8th Cir. 2009).  Even if the Court were to determine that use of the same private attorney for both the appellate and post-conviction proceedings to be a structural error, "a finding of structural error does not obviate a petitioner's obligation to show prejudice when attempting to overcome a state procedural default." *Hunt*, 563 F.3d at 705 n.2.  *See also Thomas*, 960 F.3d at 477 ("Ultimately, for us to excuse procedural default, [the petitioner] must show 'actual prejudice.'").  Petitioner cannot show that post-conviction relief counsel's failure to raise an ineffective assistance of appellate counsel claim amounts to prejudice.  Petitioner would be arguing in essence that his appellate counsel was ineffective for failing to raise the appropriate legal theory as to the alleged hearsay.  However, "[d]eclining to raise a claim on appeal [] is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017).  Counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Strickland v. Washington*, 466 U.S. 668, 690 (1984).  Petitioner has failed to allege any facts that would overcome this strong presumption afforded to Petitioner's

counsel.  Additionally, Petitioner has failed to explain why he did not raise this argument in his

post-conviction motion.  Indeed, Petitioner raised a claim against his trial counsel but did not

raise a claim of ineffective assistance of appellate counsel in his *pro se* motion for post-

conviction relief.  Regardless, any such claim would be meritless, as the statements by

Petitioner's son[5] were either non-testimonial hearsay or simply not hearsay and their admission

does not raise confrontation concerns.  *Crawford v. Washington*, 541 U.S. 36, 50-52 (2004);

*Nelson v. Payne*, No. 4:18-CV-00994 JAR, 2021 WL 1392191, at *9 (E.D. Mo. Apr. 13, 2021).

As such, Petitioner cannot establish cause for the procedural default and Ground 1 will be denied

as procedurally defaulted.

**B. Ground 2: The Testimony of H.H.'s Motion**

Next, Petitioner asserts that the trial court erred in overruling trial counsel's objection to

the prosecution eliciting prejudicial information from the victim's mother about the victim's

current behavior at school and at home (Doc. 1 at 8-9, 74-87).  Additionally, Petitioner argues

that the Missouri Court of Appeals' direct appeal determination implicates "the question of

whether sufficient evidence aside from the objectionable testimony exists independently,

sufficient enough to sustain the conviction and alleviate any due process concerns" (*Id.* at 80).

The Court interprets this latter assertion to raise an independent claim regarding the sufficiency

of the evidence to convict Petitioner.

During Petitioner's trial, Victim H.H. testified that he was molested by Petitioner in June

2007 (Tr. 193).  H.H.'s mother testified that when H.H. came forward with his allegations

against Petitioner in 2010, H.H. was having trouble with his grades, was fighting at school, and

---

[5] In Petitioner's brief, Petitioner spends a great deal of time addressing S.O.'s statements to Jackman and questioning the propriety of the forensic interview and its admission into evidence (*See, e.g.,* Doc. 1 at 62-68 (arguing the testimonial nature of the taped interview)).  To be clear, contrary to Petitioner's assertions, the hearsay statements at issue here are those by Petitioner's son to S.O., not the statements given by S.O., who testified during trial, to Jackman.

was facing punishment at home (Tr. 152-160).  H.H.'s "personality at home just seemed to

change a lot," and he started to have issues with his stomach (Tr. 153).  The State then asked

H.H.'s mother about H.H.'s behavior at the time of trial (Tr. 160).  Trial counsel objected to the

question, arguing that H.H.'s behavior at the time of trial had no relevance to whether the

incident in 2007 took place (*Id.*).  The State responded that "[i]t shows the difference and the

changes [sic] is not a rebellious act.  There's an inference that it was related to a sex offense not

just general attitude" (Tr. 160).  The trial court overruled the objection:

> I don't think this is something that you are necessarily able to draw the inference because
> he's disclosed, no.  That the inference can be drawn that the behaviors of him having
> issues at school, the crying and so forth was directly related to having to hold it in and,
> now it's out, that someone is saying his behavior is going back to the same.

(Tr. 160-61).  H.H.'s mother was permitted to respond to the question and testified that almost

immediately after H.H. confided in her that Petitioner had molested him years earlier, H.H.'s

grades improved, he stopped fighting at school, and he stopped receiving disciplinary complaints

(Tr. 161-62).

In his Motion for Judgment of Acquittal or in the Alternative Motion for New Trial, trial

counsel argued that the trial court erred by overruling defendant's objection to the State's

question "how is [H.H.'s] behavior now" because it lacked foundation, was not relevant to the

charges filed, and was prejudicial to the defendant (Doc. 16-1 at 66-67).  Counsel argued that the

State sought this testimony to support H.H.'s allegation he was sexually abused but that the

testimony was misleading, irrelevant and prejudicial (*Id.* at 66).  Further, counsel argued,

allowing this testimony violated defendant's right to a fair trial, due process and equal protection

under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article

I, Section 10 of the Missouri Constitution (*Id.*).  After oral argument prior to Petitioner's

sentencing hearing, the trial court denied the Motion (*Id.* at 7).

On direct appeal, Petitioner argued that the trial court clearly erred and abused its discretion in overruling defense's objection to the prosecution eliciting prejudicial information from the victim's mother about the victim's current behavior at school and at home because such evidence did not have proper foundation, was misleading, and was not relevant to the charged offenses, which were alleged to have occurred four years earlier (Doc. 16-2 at 28).  On April 29, 2014, the Missouri Court of Appeals for the Western District affirmed Petitioner's conviction and sentence on direct appeal (Doc. 16-6; *State v. Darr,* 437 S.W.3d 777 (Mo. Ct. App. 2014)).

Petitioner's Ground 2 is not cognizable in a federal habeas corpus action.  The United States Supreme Court has held that "'federal habeas corpus relief does not lie for errors of state law" and that "it is not province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).  Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition.  *Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990).  Federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights." *Evans v. Luebbers*, 371 F.3d 438, 443 (8th Cir. 2004) (citing *Estelle*, 502 U.S. at 68).  State evidentiary issues only assume constitutional significance where the introduction or exclusion of evidence is so extremely unfair that its admission violates "fundamental conceptions of justice." *Dowling v. United States*, 493 U.S. 342 (1990).  The Supreme Court has defined this class of evidentiary issues "very narrowly." *Id.*  The Eighth Circuit has further opined that, to constitute a due process violation, an evidentiary mistake must be "so egregious that [it] fatally infected the proceedings and rendered his entire trial fundamentally unfair." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

12

The trial court's admission of the testimony from H.H.'s mother did not render

Petitioner's trial fundamentally unfair.  The Missouri Court of Appeals considered the claim on

direct appeal and rejected it on the merits (Doc. 16-3).  In disposing of this claim, the appellate

court found that Petitioner had raised the issue of H.H.'s credibility in trial counsel's opening

statement and rendered the testimony relevant by implying that H.H. fabricated claims against

him to avoid punishment for poor school performance (*Id.* at 10).  The appellate court further

found that, "in light of the overwhelming evidence against Darr and the fact that the jury had

already heard without objection that H.H.'s behavior and grades deteriorated after the abuse,

there is no reasonable probability that testimony regarding H.H.'s post-disclosure behavior

prejudiced Darr such that the outcome of his trial would have been different" (*Id.* at 11).  The

appellate court determined that the trial court did not abuse its discretion in overruling

Petitioner's objection to testimony from H.H.'s mother regarding H.H.'s current behavior as the

testimony was relevant to rebut Petitioner's inference that H.H. had fabricated allegations against

him (*Id.*).

The explanation given by the Missouri Court of Appeals is entitled to deference and does

not incorrectly or unreasonably apply federal constitutional law.  Petitioner is not entitled to

relief on this ground because it concerns a non-cognizable issue of state evidentiary law, and to

the extent that it implicates the Due Process Clause, the state courts adjudicated it in a manner

consistent with 28 U.S.C. § 2254(d).  To implicate a due process violation, the alleged improper

evidence must be "so egregious that [it] fatally infected the proceedings and rendered [the] entire

trial fundamentally unfair."  *Anderson*, 44 F.3d at 679.  Here, the mother's testimony was

admissible to bolster the credibility of H.H. and, given the extensive witness testimony from the

three victims and the corroborating physical evidence, any potential error in its admission did not

13

substantially prejudice Petitioner such that the outcome of his trial would have been different if

the testimony had not been admitted.  Further, any independent claim regarding the sufficiency

of the evidence to support his convictions is procedurally defaulted as it was never raised before

the state courts.  *Wemark,* 322 F.3d at 1022.  Therefore, Ground 2 will be denied as non-

cognizable.

## C. Ground 3: Ineffective Assistance of Trial Counsel

In Ground 3, Plaintiff argues that trial counsel was ineffective for failing to object to

prejudicial testimony and physical evidence (Doc. 1 at 8, 87-115).  Specifically, Petitioner

asserts trial counsel should have filed a motion to suppress certain items of physical evidence—

some Vicks VapoRub and a shower brush—that were seized from Petitioner's home as the

information in support of the warrant affidavit was stale (*Id.*).

During Petitioner's trial, evidence including a shower brush and eight jars of Vicks

VapoRub was introduced without objection (Tr. 12, 285-87).  These items were seized from

Petitioner's home during the execution of a search warrant on February 11, 2010 (Doc. 16-6 at

3).  Before the post-conviction relief motion court, Petitioner argued that the warrant was stale

because the last incident of contact between Petitioner and a victim at his residence occurred

seven months prior to the application for the search warrant (Doc. 17-3 at 21-42).  During the

evidentiary hearing before the motion court, trial counsel testified that he had not considered

filing a motion to suppress (Doc. 16-7 at 19).  Trial counsel indicated that the same search was

the subject of suppression hearings in Petitioner's son's federal case but that Petitioner's son had

not prevailed (*Id.*).[6]  Trial counsel further testified that he believed that the evidence would have

come in regardless of its physical suppression; "the witnesses were going to testify to what

---

[6] *USA v. David Russell Darr, Jr.*, Case No. 4:10-CR-00216-CEJ (Feb. 8, 2011) (Petitioner's son entered a guilty plea to production of child pornography and was sentenced to a term of 180 months' imprisonment in the Bureau of Prisons).

happened, whether or not there was actual physical evidence to show the jury or not" (*Id.* at 21).

Trial counsel testified that his trial strategy was to address the late disclosures from the victims

and the victims' credibility (*Id.* at 27-28).  Petitioner raised this claim before the post-conviction

relief appellate court contending specifically that the motion court clearly erred in denying his

Rule 29.15 motion for post-conviction relief, claiming that his trial counsel was ineffective for

failing to file a motion to suppress physical evidence on the grounds that the search warrant was

stale (Doc. 17-3 at 21-42).

The motion court found that Petitioner had failed to satisfy either prong of the *Strickland*

standard (Doc. 17-3 at 54-55).  Specifically, the motion court noted that trial counsel testified at

an evidentiary hearing that it was his trial strategy not to seek to suppress this evidence because

he believed that the witnesses would testify about these items and these items could not be

introduced in evidence as the actual items used on the victims by Petitioner (*Id.* at 54).  Thus, the

motion court determined that trial counsel's determination not to seek to suppress the evidence

was reasonable trial strategy and did not fall below an objective standard of reasonableness (*Id.*).

Further, the motion court found that even if trial counsel was ineffective in failing to file a

motion to suppress or object to the search and seizure, Petitioner had not established prejudice

from the alleged failure (*Id.* at 55).  The motion court determined, "[c]onsidering the totality and

the strength of other evidence of guilt against [Petitioner], there is no reasonable probability that,

absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt" and

"[i]t is not reasonably probable that the outcome of the trial would have been different even if

these items had been suppressed" (*Id.*).

The post-conviction appellate court affirmed the motion court's decision (Doc. 16-6).  In

so doing, the post-conviction appellate court similarly found that Petitioner did not prove that

15

trial counsel failed to exercise the skill and diligence of a reasonably competent attorney under similar circumstances (*Id.* at 7).  The appellate court specifically noted trial counsel's testimony regarding his awareness of an unsuccessful motion to suppress that had been filed in the federal case of Petitioner's son (*Id.* at 8).  Indeed, as noted by the appellate court, the Eighth Circuit Court of Appeals concluded, prior to Petitioner's trial, that the warrant was not based on stale information (*Id.* (citing *United States v. Darr*, 661 F.3d 375, 378-79 (2011)).  The appellate court further found that trial counsel assessed the impact of filing a motion to suppress as it related to Petitioner's case and reached the reasonable conclusion that admission of the evidence would have no impact given the other evidence that was to be admitted, specifically the testimony of the victims about the physical evidence (*Id.*).

The state courts' decisions are not contrary to, nor do they involve, an unreasonable application of federal law.  Applying *Strickland*, the state courts correctly found that trial counsel acted reasonably in his determination not to file a motion to suppress on the ground that the information in the search warrant affidavit was stale.  To establish that his trial counsel was ineffective in failing to challenge the warrant, Petitioner must "prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).  Petitioner cannot meet his burden.  As noted by Respondent, the Eighth Circuit Court of Appeals found the information in the search warrant affidavit not to be stale and the warrant supported by probable cause because (1) the nature of the items sought was such that it was reasonable to believe that they remained in the home; (2) Petitioner allegedly used the items on more than one occasion; (3) Petitioner was said to have used the bathroom brushes during incidents more than two years apart; and (4) police had

16

information that Petitioner "persisted in efforts to contact the children" into 2010. *United States v. Darr*, 661 F.3d 375, 378 (8th Cir. 2011). The record indicates that trial counsel was aware of this determination and chose not to pursue the motion to suppress. Failure to file a meritless motion to suppress is not objectively unreasonable. *Nash v. Vandergriff*, No. 4:17-CV-02825-JAR, 2020 WL 5891400, at *6 (E.D. Mo. Oct. 5, 2020). "The performance of an attorney is not deficient for failure to object to admissible evidence." *Russell v. Jones*, 886 F.2d 149, 152 (8th Cir. 1989). Thus, the state courts' decisions are not contrary to, nor do they involve, an unreasonable application of federal law and the Court will deny Ground 3.

**D. Cumulative Error**

Petitioner further argues that he is entitled to habeas corpus relief because the "cumulative error" as asserted in grounds 1-3 unconstitutionally prejudiced Petitioner (Doc. 1 at 115-16). As an initial matter, Petitioner did not raise this argument before the state courts. Moreover, to the extent Petitioner asserts the cumulative effect of these alleged errors would have resulted in a different outcome, "[e]rrors that are not unconstitutional individually cannot be added together to create a constitutional violation." *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) (citation omitted). *See also Middleton*, 455 F.3d at 851 ("a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test."); *United States v. Robinson*, 301 F.3d 923, 925 n. 3 (8th Cir. 2002) (recognizing "the numerosity of the alleged deficiencies does not demonstrate by itself the necessity for habeas relief," and noting the Eighth Circuit's rejection of cumulative error doctrine); *Scott*, 915 F.2d at 1191 (citation omitted) (holding "cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own"). Therefore, the Court will deny Ground 4.

**E. Evidentiary Hearing**

Petitioner requests the Court grant him an evidentiary hearing and/or oral argument in this case (Doc. 1 at 117).  An evidentiary hearing on a habeas petition is mandatory only if a petitioner was denied a "full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." *Townsend v. Sain*, 372 U.S. 293, 312 (1963).  The Court need not hold an evidentiary hearing if the petitioner fails to allege facts sufficient to justify habeas relief.  *Id.* Upon careful consideration, the Court has determined that Petitioner's claims do not entitle him to relief on the grounds asserted in his Petition.  The Court concludes that no further evidentiary development is required for the resolution of Petitioner's grounds.  Furthermore, Petitioner fails to demonstrate that an evidentiary hearing is warranted under the applicable standards set forth in 28 U.S.C. § 2254(e)(2).  The Court also finds that oral argument on the issues is unwarranted. Thus, Petitioner's request for an evidentiary hearing and/or oral argument will be denied.

**F. Request for Transfer and Incorporation of State Court's Files**

Finally, Petitioner requests that the Court issue an Order transferring all state court files from Adair County and from the Missouri Court of Appeals (Doc. 1 at 117).  In compliance with the Rules Governing Section 2254 Proceedings, Defendant has furnished the relevant portion of the state court files (*See* Docs. 16-1 to 16-7, 17 to 17-4).  *See* Rule 5(c), Rules Governing Section 2254 Proceedings.  Upon review of the Petition, the Court has not found cause to request any additional portions of the state court files or otherwise expand the record.  Thus, the Court will deny Petitioner's request.

### IV.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief.  Furthermore, Petitioner has failed to make a substantial showing of the denial of a

constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right*." Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing and/or oral argument is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request for transfer and incorporation of State Court's files is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.  28 U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order. Dated this 5th day of August, 2021.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE